LAMB, relator, *v.* DUNWODY.

Under the act amending the charter of the city of Brunswick, approved December 23d, 1892, which declares " that the term of the mayor to be elected at the election for mayor and aldermen of said city on the second Saturday in December, 1892, shall be two years," the mayor elected on the day last mentioned was entitled to hold the office for the term of two years, although before the approval of the amending act that day had already passed and an election for a mayor for a term of one year only, as provided in the existing charter of the city, had taken place; it appearing from the legislative journals that the amending act had been introduced in the senate and passed by that body, and had been read the first time in the house of representatives before the second Saturday in December, 1892, and the charter of the city, before the amending act was passed, expressly declaring that the mayor should hold his office until his successor was elected and qualified.

June 13, 1894.    Argued at the last term.

*Quo warranto.* Before Judge SWEAT. Glynn county. January 26, 1894.

SYMMES & BENNET and HARRISON & PEEPLES, for plaintiff. SPENCER R. ATKINSON, for defendant.

LUMPKIN, Justice.

The act of August 27th, 1872, amending the charter of the city of Brunswick (Acts of 1872, p. 151), provided for the election of a mayor on the second Saturday in December of that year, and that there should be an election for a mayor on the second Saturday in December in each and every year thereafter, the mayor's term of office being one year, and until his successor was duly elected and qualified. While this law was still of

force, Lamb, on the second Saturday in December, 1892, was elected mayor of Brunswick for the term of one year, which, under the law, was to begin on the first Monday in the January following. The second Saturday in December, 1892, was the 10th day of that month. On the 30th day of the preceding November, a bill to amend the charter of Brunswick was introduced and read the first time in the senate. It was read the second time in that body December 2d, and was read the third time and passed December 5th. This bill was read in the house of representatives the first time December 9th; the second time December 13th; was passed by that body December 15th, and approved by the governor December 23d. This act is to be found in the official publication of the Acts of 1892, p. 213. The 10th section thereof amends the 4th section of the act of 1872, above cited, so as to provide "that the term of the mayor to be elected at the election . . . on the second Saturday in December, 1892, shall be two years, and from thereafter elections for mayor shall be held biennially." It will thus be seen that the bill which became the act of 1892 had been introduced and passed in the senate, and had been read the first time in the house of representatives, before the second Saturday in December, at which time Lamb, as already stated, was, under the then existing charter, elected mayor for the term of one year. At the time of its passage by the senate and of its first reading in the house of representatives, the words "to be elected" were appropriately used with reference to "the second Saturday in December, 1892," which had not then yet arrived; and it is obvious that when the bill was introduced, it must have been the intention of its author, and also of the senate in passing it, that it should apply to the election which would occur on the day last mentioned. As, however, that day had come and gone before the passage of the

bill by the house of representatives and its approval by the governor, the words "to be elected" were no longer literally appropriate. The difficulty doubtless arose from inattention and a consequent failure to have the bill amended so as to be accurate in its terms with reference to the election to which, beyond all question, it was originally intended to apply. In view of the facts stated, we cannot reasonably doubt that the real intention of the General Assembly was, that the mayor elected on the second Saturday in December, 1892, should hold his office for the term of two years from the first Monday in January thereafter, upon which day that term was by law to begin. The cardinal rule for the construction of all statutes being that effect should be given to the real legislative will when ascertainable, we feel bound to hold that Lamb was entitled to the office of mayor for the term of two years just mentioned, the more especially as the law actually in force when his election took place distinctly provided that he should hold the office until his successor was duly elected and qualified.

At an election held on the second Saturday in December, 1893, Dunwody was elected mayor of Brunswick, and took his seat as such on the first Monday in January, 1894. Lamb, claiming the office, instituted proceedings to test Dunwody's right to hold it, which resulted in a judgment in favor of the latter.

There was no authority of law whatever for holding an election in 1893. After very anxious and careful consideration, we can find no sound, or even plausible, reason for imputing to the legislature a design to say "1893" instead of "1892" in the phrase, "on the second Saturday in December, 1892." At the time the bill was drafted, its author could certainly have had no intention to use the figures "1893," and there is no reason whatever for supposing that at any time while the bill was

pending in either branch of the General Assembly there was any purpose or intention to substitute " 1893 " for " 1892." The act appoints the even, and not the odd, years for the whole series of biennial elections. To begin the count with 1893 is unquestionably the very reverse of what was contemplated. The case is really not one for construction, but for honest acceptance of the exact truth.

There being no authority of law for holding the election at which Dunwody was elected, that election was absolutely null and void and conferred upon him no right whatever to hold the office. This being so, Lamb had the right to hold over by virtue of his election under the act of 1872, even if the act of 1892 did not confer upon him a term of two years. But we think, for the reasons already stated, the act last mentioned did this. That act was not retroactive. The term of Lamb had not begun when it was passed. It therefore did not prolong the existing term, but simply added an additional year to a term which was to begin in the future. The act, therefore, was prospective entirely as to the term of office it affected.        *Judgment reversed.*